R. WALDO HOLT, Commissioner of Finance of the State, by GREIGH-
TON B. CALFEE, Special Deputy Commissioner in charge of the
liquidation of THE PARK SAVINGS TRUST COMPANY, Appellant, v.
BARNEY J. CREAN, BESS M. CREAN, his wife, and ANDREW J.
CREAN, JR.—117 S. W. (2d) 355.

Division One, May 26, 1938.

*William T. Jones, James E. Garstang* and *William H. Biggs* for appellant; *Carter & Jones* of counsel.

*John A. Nolan* for respondent.

BRADLEY, C.—Plaintiff's predecessor in office (present plaintiff has been substituted here) brought this suit to set aside a sale under special execution based on a tax bill for improvements in Richmond Heights, St. Louis County. Defendants filed joint demurrer to the amended petition, alleging that it did not state facts sufficient to constitute a cause of action against defendants. The demurrer was sustained, and plaintiff appealed.

Plaintiff alleged that on April 12, 1933, as State Commissioner of Finance, he took possession of the assets of the Park Savings Trust Company, a banking corporation of St. Louis County, and placed Deputy Commissioner Calfee in charge; that among the assets of the trust company was a promissory note dated December 30, 1927, for $6000 and due three years from date, and executed by Henry A. Stolle and his wife, Ethel; that the note was secured by a deed of trust executed by the Stolles and of even date of note; that the deed of trust was on certain real property (describing it); that the trust company was named trustee in the deed of trust, and J. F. Greenway was named therein as the beneficiary or *cestui que trust;* that at the time of the execution of the deed of trust, Greenway, the trustee, was an officer and agent of the trust company, and was the named payee in the $6000 note; that immediately after the execution of the note and deed of trust, Greenway endorsed the note to the trust company, and that thereupon the note and deed of trust became the property of the trust company, and that said note and deed of trust were the property of the trust company and one of the assets at the time plaintiff took over the trust company.

Plaintiff further alleged that the deed of trust contained a provision as follows: "It is further understood and agreed that the fact that the trustee is or has been the owner of any of the notes hereby secured, or otherwise interested in any of said notes, whether at the time when the trust hereby created may be administered or enforced according to the provisions of this indenture or at any previous time, shall not impair or restrict its own authority to act hereunder, and at any sale made hereunder it may become the purchaser absolutely of any or all of the property to be sold. All objections to any action by the trustee hereunder on account of any interest such trustee may have or may have had in said notes or in the subject matter of this trust is hereby specifically waived by all the parties hereto."

It is further alleged that on April 25, 1931, a suit was instituted in the Circuit Court of St. Louis County by the City of Richmond Heights, to the use of Barney J. Crean (a defendant here) and against the Stolles, the trust company, and Greenway, for the purpose of enforcing the lien of special tax bill against the real property described in the deed of trust; that in the tax bill suit, and on Sep-

tember 23, 1931, Greenway and the trust company answered by general denial; that thereafter and on October 15, 1931, summons was issued in the tax bill suit for service upon the Stolles; that the summons was directed to the sheriff of Crawford County, Missouri, and was returned *non est;* that thereafter and on April 7, 1933, an order of publication in the tax bill suit was made and published as to the Stolles; that during the September, 1933, term of the court a judgment was rendered in the tax bill suit for $425.94; that at the January, 1934, term of the court a special execution was issued in the tax bill suit and that under the execution the sheriff levied upon and sold the real property described in the deed of trust, which secured the $6000 note held by plaintiff; that at the special execution sale the property was sold to Andrew J. Crean, Jr. (a defendant in the present cause) for $127.50; that thereafter Andrew J. Crean, Jr., conveyed the property by quitclaim to defendants Barney J. Crean and his wife, Bess M. Crean, and that the quitclaim deed was duly recorded.

It is further alleged that Lubke & Lubke, attorneys, who filed the general denial answer in the tax bill suit for the trust company, never at any time notified plaintiff (in the present cause) of the pendency of the tax bill suit, and that plaintiff had no knowledge thereof until long after the judgment and sale in the tax bill suit; that the judgment and sale in the tax bill suit was long after plaintiff had taken possession of the trust company and its assets; and that the tax bill suit sale was made contrary to the laws of Missouri, and especially contrary to Section 5338, Revised Statutes 1929.

It is alleged that immediately upon taking possession of the assets of the trust company, including the $6000 note, plaintiff complied with Section 5316, Revised Statutes 1929, and posted the notice provided for by this section, and that "the posting of such notice was a bar to any proceedings whatever in law or equity, then pending" against the trust company; that the plaintiff and his attorneys in the tax bill suit "had full knowledge of the fact" that plaintiff (in the present case) "had taken possession" of the trust company and all of its assets, and that, notwithstanding this knowledge the tax bill suit was prosecuted "to judgment by default."

It is alleged that if plaintiff had had knowledge of the pendency of the tax bill suit, he would have filed therein the certificate provided for in Section 5316, Revised Statutes 1929, "showing that he had taken possession of the assets" of the trust company. And it is alleged that "upon being informed" of the tax bill suit sale, plaintiff offered to the plaintiff and his attorney in the tax bill suit, "to pay the amount of said judgment upon said special tax bill and the costs and expenses accrued in connection therewith," but that plaintiff and his attorney in the tax bill suit "refused to accept said offer,

and plaintiff hereby offers to pay the amount of said judgment, together with interest, costs and expenses in connection'' with the tax bill suit. And it is alleged that since defendants acquired possession of the property described in the deed of trust held by plaintiff they have been collecting ''the rents and income.''

Plaintiff, appellant here, relies chiefly upon subdivision (3) of Section 5316, Revised Statutes 1929 (Mo. Stat. Ann., sec. 5316, p. 7547), and Section 5338, Revised Statutes 1929 (Mo. Stat. Ann., sec. 5338, p. 7561). Subdivision (3) of Section 5316 is as follows:

''Whenever any corporation or private banker subject to the provisions of this chapter so desires, it or he may place its or his affairs and assets under the control of the commissioner by posting a notice on its front door as follows: 'This bank (or trust company) is in the hands of the finance commissioner.' The posting of this notice or of a notice by the commissioner that he has taken possession of any such corporation or private bank shall be sufficient to place all its assets and property, of whatever nature, in the possession of the commissioner, and shall operate as a bar to any proceedings whatever whether in law or in equity, against any incorporated bank, private bank, or trust company, or its or their assets, and if any such action is begun, then all such proceedings shall be summarily dismissed and for naught held, upon the certificate of the commissioner being filed in such cause, showing that he has taken possession of the assets of such bank, banker, or trust company, and any court in which such proceedings are pending shall have no power, authority, or jurisdiction to proceed further in any such cause, and any officer or other person having possession of any assets or property of any such bank, banker, or trust company shall immediately deliver the possession of the same to the commissioner unless otherwise provided in this chapter; *provided*, however, nothing herein shall in anywise prevent or prohibit any bank, banker or trust company from being garnished in any case.''

Section 5338 reads: ''A lien shall not attach to any of the property or assets of such corporation or private banker by reason of the entry of any judgment recovered against such corporation or banker after the commissioner has taken possession of its property and business and so long as such possession continues.''

The posting of the notice provided for in Section 5316 operates, according to the statute, ''as a bar to *any* proceedings . . . in law or equity'' against the bank (taken over) or its assets, ''and if any such action is begun, then all such proceedings shall be summarily dismissed . . . *upon the certificates of the commissioner being filed in such cause,* showing that he has taken possession of the asset of such bank . . . and any court in which such proceedings are pending shall have no power . . . to proceed further in any

such cause'' (italics ours). *Any proceedings,* as used in the statute, has been, in effect, construed not to embrace a suit *in rem* where such suit on its merits would involve only a question of priority of liens between the insolvent bank and another lien claimant. [Garden of Eden Drainage District v. Bartlett Trust Company et al., 330 Mo. 554, 50 S. W. (2d) 627.] The Bartlett Trust Company and others owned land in the drainage district and the suit was on tax bills for drainage taxes. The suit was commenced in August, 1928, but before it was reached for trial the Bartlett Trust Company failed and had ''gone into the hands of the state bank commissioner,'' and the commissioner and his deputy in charge were made parties defendant. A demurrer to the petition was filed in which the commissioner and deputy joined. It was alleged, among other grounds in the demurrer, that the suit to enforce the lien for the delinquent drainage district taxes could not ''be maintained while the property of the defendant bank is in the hands of the commissioner of finance for liquidation.'' The demurrer was overruled and the defendants filed a motion to abate or dismiss the suit on the grounds as above stated from the demurrer, and this motion was overruled. Defendants then answered, raising the same issues as in the demurrer and motion to abate or dismiss. So far as pertinent here it was held (330 Mo. 554, 50 S. W. (2d) l. c. 633): ''These taxes (drainage district taxes) merely constitute a lien on the land. They did not constitute a personal indebtedness against the defendant bank and a suit thereon could not result in a personal judgment. Suits for taxes of this character are in the nature of proceedings *in rem,* though against the owner of the land. The judgment is against the land and not against the owner.''

The tax bill suit involved in the present case was in the nature of a suit *in rem* as much so as was the situation in the Bartlett Trust Company case. The motion to abate in that suit advised the trial court of the bank's status and that it was in the hands of the commissioner, as fully as would the formal *certificate* mentioned in subdivision (3) of Section 5316, but the trial court refused to dismiss the suit, and that action was affirmed by this court. Under the ruling in the Bartlett Trust Company case, had the commissioner in the present case filed the *certificate* provided for by subdivision 3, the tax bill suit would not have been dismissed.

Section 5338, Revised Statutes 1929, set out above, cannot help plaintiffs. This section provides that no lien shall attach to any of the property or assets of a closed bank in the hands of the commissioner ''by reason of the entry of any judgment recovered against'' such bank ''after the commissioner has taken possession . . . and so long as such possession continues.'' The lien of the tax bill did not *attach* when the tax bill suit went to judgment at

the September Term, 1933, of the circuit court, after the commissioner had taken possession of the bank. The tax bill lien, by virtue of the statute, attached to the land described in the deed of trust, when the tax bill was issued, which, was long prior to the time the commissioner took charge of the bank.

The situation as disclosed by the petition in the present case is unfortunate, but as said in Seilert v. McAnally et al., 223 Mo. 505, l. c. 520, 122 S. W. 1064, "it is the duty of all courts of justice to take care . . . that hard cases do not make bad law." The judgment should be affirmed, and it is so ordered. *Ferguson* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.